O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN LEONARD SHARP JR., | Case No. 2:21-CV-08846 GW (KES) |
| Petitioner, | |
| v. | ORDER DISMISSING HABEAS PETITION AS SUCCESSIVE |
| KEN CLARK, Warden,[1] | |
| Respondent. | |

In November 2021, Calvin Leonard Sharp Jr. ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody, pursuant to 28 U.S.C. § 2241, in the Eastern District of California. (Dkt. 1 ["Petition"].) On November 10, 2021, the Eastern District transferred the case to the Central District. (Dkt. 2, 3.) Because Petitioner is in state custody and is challenging the legality of his state court conviction and sentence (see Pet. at 1, 3), the Court construes the Petition as a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) ("[A] state habeas petitioner may not avoid the limitations imposed on successive

---

[1] Ken Clark, Warden at California State Prison, Corcoran, where Petitioner is currently incarcerated, is substituted for his predecessor. Fed. R. Civ. P. 25(d).

1  petitions by styling his petition as one pursuant to 28 U.S.C. § 2241 rather than 28
2  U.S.C. § 2254."); Greenawalt v. Stewart, 105 F.3d 1287, 1287 (9th Cir. 1997)
3  ("[T]he authority of the federal courts to grant habeas relief to state prisoners
4  under § 2241 is limited by 28 U.S.C. § 2254.").  The Petition is the fourth habeas
5  corpus petition that Petitioner has filed in this Court stemming from his 2012 state
6  court conviction and sentence in Ventura County Superior Court case number
7  2008014330.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"  For the reasons set forth below, the Petition must be dismissed without prejudice as a second or successive petition pursuant to 28 U.S.C. § 2244(b).

# I.

# BACKGROUND

**A.    State Court Proceedings.**

On November 6, 2009, petitioner pleaded guilty to one count of first degree murder, two counts of attempted murder, two counts of aggravated mayhem, and one count of cruelty to an animal.  Sharp v. Warden, No. 2:16-cv-02504-GW-AJW (C.D. Cal. Feb. 1, 2017) ("Sharp I") (Dkt. 21-1 at 29: Lodged Ventura County Superior Court case number 2008014330 docket).[2]  Petitioner waived his right to a

---

[2] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the docket sheets and related documents in Sharp I, Sharp II, and Sharp III.  See Shuttlesworth v. City of Birmingham, Ala., 394 U.S. 147, 157 (1969); see also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation omitted).

2

jury trial with respect to the sanity phase. Id. On November 2, 2012, following a lengthy sanity phase trial, the court found that Petitioner was sane at the time he committed the crimes. Id. at 51–92. Thereafter, on December 5, 2012, the court sentenced Petitioner to state prison for a term of life without the possibility of parole, plus two consecutive life terms and an additional ten-year term. Id. at 93. On May 14, 2014, the California Court of Appeal modified the judgment to include court assessments and ordered the abstract of judgment corrected to reflect sentences of life with the possibility of parole on the attempted murder and mayhem counts and in all other respects affirmed the judgment. People v. Sharp, No. 2D CRIM. B245525, 2014 WL 2111679, at *1, 2014 U.S. Dist. LEXIS 3585, at *1 (Cal. Ct. App. May 21, 2014). Petitioner did not file a petition for review in the California Supreme Court. (Pet. at 2.)

On September 8, 2015, Petitioner filed a habeas petition in the California Supreme Court, which was summarily denied on December 9, 2015. See California Appellate Courts Case Information, Case No. S229104.[3] On April 13, 2016, Petitioner filed a habeas petition in Ventura County Superior Court, which was denied on May 19, 2016. Sharp I, Dkt. 21-1 at 102. On September 12, 2016, Petitioner filed a habeas petition in the California Supreme Court, which denied the petition on November 16, 2016, with a citation to In re Clark, 5 Cal. 4th 750, 767–69 (1993). See California Appellate Courts Case Information, Case No. S237134.

On January 9, 2019, Petitioner filed a habeas petition, along with a petition for writ of mandate, in the California Court of Appeal, which were summarily denied on January 21, 2020. See California Appellate Courts Case Information, Case Nos. B303495, B303500. On April 2, 2020, Petitioner filed a habeas petition

---

[3] The dockets (and some opinions) of the California Courts of Appeal and the California Supreme Court are available at: <https://appellatecases.courtinfo.ca.gov/index.cfm>.

in the California Supreme Court, which was summarily denied on August 26, 2020. See California Appellate Courts Case Information, Case No. S261647.

**B.  Prior Federal Habeas Petitions.**

On April 12, 2016, Petitioner filed his first habeas petition in federal court, which was dismissed as untimely on November 15, 2017. Sharp I, (Dkt. 1, 36). In March 2018, Petitioner filed his second habeas petition in federal court, which was dismissed as successive on April 11, 2018. Sharp v. Sherman, No. 2:18-cv-02235-GW-FFM (C.D. Cal. filed March 19, 2018) ("Sharp II") (Dkt. 1, 18). In April 2018, Petitioner filed an application for leave to file a second or successive petition in the Ninth Circuit Court of Appeals. Sharp v. Biter, No. 18-71045 (9th Cir. filed Apr. 12, 2018). On Dec. 4, 2018, the application was denied in a written order, finding that Petitioner had not made a prima facie showing that he was entitled to file a successive petition. Id. (Dkt. 8).[4] In October 2020, Petitioner filed his third petition in federal court, which was denied as successive on November 5, 2020. Sharp v. Sherman, 2:20-cv-09839-GW-KES (C.D. Cal. filed Oct. 26, 2020) ("Sharp III") (Dkt. 1, 10). In February 2021, Petitioner filed a request for certificate of appealability in the Ninth Circuit Court of Appeals, which was denied on March 26, 2021, because the notice of appeal was not timely filed. Sharp v. Sherman, No. 21-55167 (9th Cir. filed Feb. 25, 2021). In August 2021, Petitioner filed a petition for writ of habeas corpus in the Ninth Circuit Court of Appeals, which was denied as improper on November 10, 2021. Sharp v. Barch-Kuchta, No. 21-71237 (9th Cir. filed Aug. 24, 2021). On November 8, 2021, Petitioner filed the instant Petition.

---

[4] On September 16, 2020, Petitioner filed a request for enlargement of time to file a habeas petition, which was denied on September 29, 2019, as an invalid request to seek an advisory opinion. Sharp v. Warden, Case No. 2:20-cv-08598-GW-KES (C.D. Cal. filed Sept. 16, 2020) (Dkt. 1, 3).

## II.

## DISCUSSION

The instant Petition raises two claims for relief: (1) violation of the Sixth Amendment right to counsel during a jail house interview with a police psychiatrist, and (2) Petitioner was convicted erroneously when two separate trial proceedings were construed as two phases of a bifurcated trial.  (Pet. at 3.)

The Petition now pending is governed by 28 U.S.C. § 2244(b), which provides in pertinent part as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> *(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

28 U.S.C. § 2244(b) (emphasis added).

The Petition now pending constitutes a second and successive petition challenging the same conviction as Petitioner's prior habeas petitions, within the meaning of 28 U.S.C. § 2244(b). Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider his new claims prior to the filing of the instant Petition. Petitioner's failure to secure an order from the Ninth Circuit deprives this Court of subject matter jurisdiction. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

The Petition does not address the successive petition issue. Without an order from the Ninth Circuit authorizing this Court to consider Petitioner's successive Petition, the Court lacks the subject matter jurisdiction to address the Petition.

IT IS THEREFORE ORDERED that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 3, 2021

GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE